## In re DAEWOO MOTOR CO., LTD., DEALERSHIPS LITIGATION

### No. MDL–1510.

Judicial Panel on Multidistrict Litigation.

Feb. 25, 2003.

2000); MDL–997–*In re Brand–Name Prescription Drugs Antitrust Litigation* (N.D. Ill. June

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

### *TRANSFER ORDER*

WM. TERRELL HODGES, Chairman.

This litigation consists of the six actions listed on the attached Schedule A and pending in four districts as follows: three actions in the Central District of California, and one action each in the Middle District of Florida, the Western District of Pennsylvania, and the Southern District of Texas. Now before the Panel is an unopposed joint motion, brought pursuant to 28 U.S.C. § 1407, by common defendant General Motors Corp. (GM) and the plaintiffs

21, 1996).

in four of the actions. Movants seek centralization of the six actions in the Middle District of Florida. The only response to the motion comes from three of the thirteen plaintiffs in one of the two remaining actions, who also support centralization in the Florida forum.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Middle District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions involve the same subject matter, namely, GM's investment in a new company that is purchasing certain assets of Daewoo Motor Co., Ltd. (Daewoo), a Korean automobile manufacturer undergoing insolvency proceedings in the Republic of Korea. Plaintiffs are all automobile dealers that had dealer agreements with Daewoo's American subsidiary for the distribution of Daewoo vehicles in America; and all plaintiffs allege that GM, Daewoo, and/or other defendants have endeavored to destroy the American Daewoo dealer network of which they were a part. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Middle District of Florida is an appropriate transferee forum for this docket. In particular, we note that all responding parties, including the principal American defendant and plaintiffs in five of the six actions, support selection of that district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending in districts other than the Middle District of Florida are transferred to the Middle District of Florida and, with the consent of that court, assigned to the Honorable Gregory A. Presnell for coordinated or consolidated pretrial proceedings with the action pending in that district.

## SCHEDULE A

*MDL–1510—In re Daewoo Motor Co., Ltd., Dealerships Litigation*

*Central District of California*

*Liberty Motors, Inc. v. Daewoo Motor Co., et al.*, Bky. Advy. No. 2:02–2623

*Enterprise Automotive Group I, et al. v. Daewoo Motor America, Inc., et al.*, C.A. No. 2:02–6006

*Sullivan Daewoo, et al. v. Daewoo Motor America, Inc.*, C.A. No. 2:02–6187

*Middle District of Florida*

*HDWP, Inc. v. General Motors Corp.*, C.A. No. 6:02–969

*Western District of Pennsylvania*

*Dodge City, Inc. v. General Motors Corp.*, C.A. No. 2:02–1532

*Southern District of Texas*

*Archer Motor Sales Corp. v. General Motors Corp.*, C.A. No. 4:02–3467